**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:14 CR 446** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Ryan A. Sadler,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon defendant Sadler's Motion to Dismiss the Indictment as it is Unconstitutionally Vague and Overbroad (Doc. 74). Other defendants have filed Motions to Dismiss the Indictment by incorporating defendant Sadler's motion: Anthony Harris (Doc. 77), Corey Moorefield (Doc. 79), Tommy Walker (Doc. 80), Carlton Davis (Doc. 81), and Darius Muse (Doc. 87). For the following reasons, the motions are DENIED.

Defendants have been charged in Count Two of the Indictment with knowingly attending an animal fighting venture in violation of 7 U.S.C. § 2156(a)(2)(A). Defendants contend that the statute is vague because it does not define the offense with sufficient definiteness so that an ordinary person would understand what conduct is prohibited. Additionally, they contend it is overbroad because by suggesting that mere presence at an animal fighting venue is illegal, it

infringes the constitutional right to association.

"A criminal statute is unconstitutionally vague where it fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *U.S. v. Hart*, 635 F.3d 850 (6th Cir. 2011) (citing *Holder v. Humanitarian Law Project*, 130 S.Ct. 2705 (2010) (internal quotation marks omitted). Further, "for a statute to be found unconstitutional on its face on overbreadth grounds, there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court." *Id.* (citing *Leonardson v. City of East Lansing*, 896 F.2d 190, 195 (6th Cir.1990)).

Defendants contend that the federal statute at issue is analogous to Ohio Revised Code § 959.15, a portion of which has been held to be unconstitutionally vague and overbroad by two Ohio appellate courts. This Court is not persuaded.

The statute at issue in those cases provided:

> No person shall knowingly engage in or be employed at cockfighting, bearbaiting, or pitting an animal against another; no person shall receive money for the admission of another to a place kept for such purpose; no person shall use, train, or possess any animal for seizing, detaining, or maltreating a domestic animal. Any person who knowingly purchases a ticket of admission to such place, or is present thereat, or witnesses such spectacle, is an aider and abettor.

The last sentence of the statute was at issue. *State v. Bryson,* 78 Ohio App.3d 702 (11th Dist. 1992), found the reference "present thereat" to be vague because it was unclear whether it was a crime to be present at a cockfighting event, or a crime to be at a place kept for such purpose whether or not a cockfight was in progress. The "present thereat" was also overbroad given that if merely being present at a place kept for cockfighting events was criminal conduct, it imposed criminal liability infringing on an individual's constitutional right to associate. *State v. Wear,* 15 Ohio App.3d 77(12th Dist. 1984), concluded the same and also found that "knowingly," as

mentioned in the statute, only applied to the purchase of a ticket for admission to an animal fight and was not a prerequisite mental state for the act of being present at an animal fight. *Bryson* disagreed and concluded that "knowingly" applied to all three clauses in the last sentence of the statute.

The federal statute states in relevant part:

**§ 2156. Animal fighting venture prohibition**

(a) Sponsoring or exhibiting an animal in, attending, or causing an individual who has not attained the age of 16 to attend, an animal fighting venture

(1) Sponsoring or exhibiting

Except as provided in paragraph (3), it shall be unlawful for any person to knowingly sponsor or exhibit an animal in an animal fighting venture.

(2) Attending or causing an individual who has not attained the age of 16 to attend

It shall be unlawful for any person to--

**(A) knowingly attend an animal fighting venture; or**

(B) knowingly cause an individual who has not attained the age of 16 to attend an animal fighting venture.

(emphasis added). Thus, in contrast to the Ohio statute, the conduct expressly prohibited is the "knowing" attendance at an animal fighting venture.[1] As such, mere presence at an animal fighting venture (or a facility where such is held) is not criminalized. The *mens rea* element of the statute shows that it is not unconstitutionally vague. *See Garner v. White*, 726 F.2d 1274 (8th

---

[1] This term is defined elsewhere in the statute as "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment, except that the term 'animal fighting venture' shall not be deemed to include any activity the primary purpose of which involves the use of one or more animals in hunting another animal."

Cir. 1984) (A *mens rea* element may mitigate vagueness by insuring that those acting in good faith are not swept within a law's broad or ambiguous language.) Nor is the statute overbroad given that it does not criminalize mere presence "by happenstance" at such a venture, but only the knowing attendance.

    For these reasons, the motions to dismiss are denied.

    IT IS SO ORDERED.


                                              /s/ Patricia A. Gaughan  
                                              PATRICIA A. GAUGHAN  
                                              United States District Judge

Dated: 3/24/15